UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:22-cv-988

**TANIA GOMEZ**,

    Plaintiff,

v.

**HAYS WORLDWIDE STUDIOS, INC.,**
an Illinois Corporation,

    Defendant

and

**PAULA MICHAELS,**
an Individual.
_____/

## COMPLAINT

Plaintiff, **TANIA GOMEZ** ("Gomez"), under the provisions of the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. Section 216(b), files this Complaint against Defendant **HAYS WORLDWIDE STUDIOS, INC.**. ("Hays") and Third-Party Defendant **PAULA MICHAELS** ("Michaels") and alleges the following.

1

## **Parties, Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. Sections 1331 and 1343 (4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Hays was an Illinois corporation and conducting business in Orange County, Florida through employment of Gomez.

3. At all material times, Paula Michaels ("Michaels") was *sui juris* and a resident of the State of Indiana.

4. At all material times, Tania Gomez ("Gomez"), was *sui juris* and a resident of Orange County, Florida.

5. Venue for Gomez's claim for overtime under Federal law is proper in the Middle District of Florida Federal Court, Orlando Division.

6. This action is brought by Gomez to recover unpaid overtime compensation, as well as additional amount as liquidated damages, costs & reasonable attorney's fees pursuant to the FLSA, Sections 206 and 207.

7. Upon information and belief, Hays has had annual gross revenue at all times material herein in excess of $500,000 per annum.

8. At all times material hereto, Hays was an enterprise engaged in interstate commerce.

9. At all times material hereto, Hays operated as an organization which was in the business of market research & consulting from across state lines; obtained, solicited and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds in and out of the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the goods and services provided by Hays, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Hays was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. Section 203(r)-(s), and Plaintiff Gomez was equally engaged in interstate commerce.

12. Plaintiff Gomez regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

13. Michaels was an officer/director during Plaintiff Gomez's employment with Hays and had economic and day-to-day control of Hays' payroll, and of the nature and structure of Gomez's employment relationship with Hays and was therefore an employer as defined by 29 U.S.C. Section 203(d).

**GENERAL ALLEGATIONS**

14. Hays employed Gomez from on or about April 28, 2017 until January 7, 2022 ("the relevant time period").

15. During the relevant time period, Gomez was employed as a non-exempt Recruitment Manager, earning a salary of $50,000.

16. Throughout Gomez's employment with Hays, she routinely worked hours overtime per week, for a total of 60 hours per week, forty (40) regular hours and 20 hours overtime.

17. Notwithstanding, Hays and Michaels willfully and intentionally failed/refused to pay to Gomez the federally required overtime rate for all hours she worked.

18. Hays and Michaels knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

19. As a result, Gomez has suffered damages and is entitled to receive overtime compensation.

20. Gomez has complied with all conditions precedent to filing this action.

21. Gomez has retained the law office of the undersigned attorney to represent her in this action is obligated to pay a reasonable attorney's fee.

**Violations of the Overtime Provisions of the FLSA against Hays**

22. Gomez re-allege the allegations in paragraphs 1 through 21, above.

23. This is an action against Hays for overtime compensation pursuant to 29 U.S.C. Section 216 (B).

24. Gomez routinely worked in excess of forty (40) hours per week in her capacity as a non-exempt employee.

25. Specifically, Gomez estimates that she worked for Hays a total of 60 hours per week, forty (40) hours per week and 20 hours overtime.

26. Gomez was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

27. Hays knew or should have known that Gomez was suffered and permitted to work overtime for Hays as defined in 29 U.S.C. Section 203 (g).

28. Hays failed and/or refused to compensate Gomez for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate, for which she was employed, contrary to the provisions of 29 U.S.C. Section 207 (a).

29. At all material times, Hays knew or should have known that such refusal and/or failure was prohibited by the FLSA.

30. Notwithstanding, Hays intentionally and willfully violated the FLSA, as cited herein.

31. At all material times, Hays failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Gomez.

32. As a result, Gomez has been damaged and is entitled to be compensated for her loss.

WHEREFORE, Plaintiff Gomez respectfully requests that judgment be entered in her favor against Defendant Hays as follows:

    i. Declaring pursuant to 29 U.S.C. Section 216 (b), 29 U.S.C. Section 203 (m) and Section 2202, that the acts and practices of the Hays complained of herein are in violation of the overtime wage provisions of the FLSA;

    ii. Permanently enjoining Hays, its agents, officers and employees from engaging in practices found by this court to be in violation of the overtime wage provisions of the FLSA;

    iii. Awarding Gomez damages against Hays, for lost and withheld compensation, overtime wages for all hours she worked for Hays over forty (40) hours per week, but for

Case 6:22-cv-00988-CEM-LHP   Document 1   Filed 06/03/22   Page 8 of 12 PageID 8

which she was not compensated at the required overtime rate;

iv. Awarding Gomez liquidated damages;

v. Awarding Gomez reasonable attorney's fees, costs, interest and expenses of this litigation pursuant to 29 U.S.C. Section 216 (b); and

vi. Ordering any other further relief that this Court may deem just and proper.

**A. THIRD PARTY CLAIM AGAINST PAULA MICHAELS**

33. Gomez re-alleges the allegations contained in Paragraphs 1 - 21, above.

34. This is an action against Paula Michaels ("Michaels") for overtime compensation pursuant to 29 U.S.C. Section 216 (B).

35. Gomez routinely worked as a non-exempt employee in excess of forty (40) hours per week for Michaels.

36. Specifically, Gomez estimates that she worked for Michaels a total of 60 hours per week, forty (40) regular hours and 20 overtime hours.

37. Michaels had day-to-day and operational control of Gomez's compensation structure and was therefore an employer pursuant to 29 U.S.C. Section 203 (d).

38. Gomez was a non-exempt employee entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

39. Michaels knew or should have known that Gomez was suffered or was permitted to work overtime for Hays as defined in 29 U.S.C. Section 203 (g).

40. Michaels failed and/or refused to compensate Gomez for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate for which she was employed, contrary to the provisions of 29 U.S.C. Section 207 (a).

41. At all material times, Michaels knew or should have known that such refusal and/or failure was prohibited by the FLSA.

42. Notwithstanding, Michaels intentionally and willfully violated the FLSA as cited herein.

43. At all material times, Michaels failed/refused to maintain proper time records mandated by the FLSA regarding the overtime hours worked by Gomez.

44. As a result, Gomez has been damaged and is entitled to be compensated for her loss.

**Plaintiff and Third-Party Plaintiff Gomez's Demand for Jury Trial**

45. Gomez hereby demands a jury trial of all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff Gomez respectfully requests that judgment be entered in her favor against Defendant Hays and Third-Party Defendant Michaels as follows:

a) Declaring pursuant to 29 U.S.C. Section 216 (b), 29 U.S.C. Section 203 (m), 28 U.S.C. Sections 2201 & 2202, that the acts and practices of Defendant Hays and Third-Party Defendant Michaels complained of herein are in violation of the overtime wage provisions of the FLSA;

b) Permanently enjoining the Defendant & Third Party

Defendant, their agents, officers and employees from engaging in practices found by this court to be in violation of the overtime wage provisions of the FLSA;

c) Awarding Gomez damages against the Defendant & Third Party Defendant, for lost and withheld compensation and overtime wages for all hours she worked for Defendant & Third Party Defendant over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

d) Awarding Gomez liquidated damages;

e) Awarding Gomez reasonable attorney's fees, costs, interest and expenses of this litigation pursuant to 29 U.S.C. Section 216 (b).

f) Ordering any other further relief that this Court may deem just and proper.

*/s/ Robert W. Rasch*
_____

Robert W. Rasch, PA
Fl. Bar # 0890560
1188 Buttonwood Circle
Altamonte Springs, Florida 32714
Ph 407-865-7473
Email: robertwraschlaw@gmail.com