**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TANIA GOMEZ,

        Plaintiff,

v.     Case No:  6:22-cv-988-CEM-LHP

HAYS WORLDWIDE STUDIOS, INC.
and PAULA MICHAELS,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE WITH PREJUDICE** (Doc. No. 36)
>
> **FILED:** **January 5, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On June 3, 2022, Plaintiff Tania Gomez instituted this action against Defendants Hays Worldwide Studios, Inc. and Paula Michaels, alleging failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Doc.

No. 1. On December 12, 2022, the parties notified the Court that they had reached a settlement. Doc. No. 33. And on January 5, 2023, the parties filed the above-styled Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice. Doc. No. 36. With the joint motion, the parties have filed a fully executed copy of their Settlement Agreement and Release of FLSA Wage Claim ("Agreement"). *Id.* at 14–18. The parties ask that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), dismiss the case in its entirety with prejudice, and retain jurisdiction to enforce the agreement. *Id.* at 11.

The joint motion has been referred to the undersigned. *See* Doc. No. 6. However, upon review of the joint motion and the Agreement, there are several issues that prevent the undersigned from recommending approval of the parties' agreement.

First, the release language set forth in the Agreement contains inconsistent and problematic language. The Agreement first states as follows:

> There has been no determination on the merits of the Lawsuit but, in order to avoid additional cost and the uncertainty of litigation, Employee and Employer have agreed, subject to the provisions in Paragraph 5 below, **to resolve** <u>any and all claims, known and unknown, asserted and unasserted</u>, which Employee has or may have against Employer <u>and/or Employer's direct and indirect past, present, and future parent corporation, affiliates, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and their current and former employees, attorneys,</u>

> *officers, owners, members, managers, directors, and agents thereof and Hays Worldwide Research Group d/b/a FUEL and Hays Worldwide Studios d/b/a The Focus Room, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, both individual in their business capacities (collectively referred to through the remainder of this Agreement as "Releasees")* as of the date of the execution of this Agreement.

Doc. No. 36, at 14 ¶ 1(d) (emphasis added).  Paragraph 5 of the Agreement, titled "Release of FLSA Claims," then states:

> Employee knowingly and voluntarily releases and forever discharges *Hays Worldwide Studios, Inc. and its affiliates, both individually and in their business capacities and Paula Michaels (collectively referred to throughout the remainder of this Agreement as "Releasees")*, of and from *any and all claims, known and unknown, asserted or unasserted,* which Employee has or may have against Releasees as of the date of execution of this Settlement Agreement and Release of FLSA Claims, *including, but not limited to,* any alleged overtime violation of the FLSA of 1938, as amended, 29 U.S.C. § 201 *et seq. This release does not include the waiver of claims by Employee of any claims other than his FLSA claims.*
>
> If any claim is not subject to release, to the extent permitted by law, *Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasees identified in this Agreement is a party. Employee also waives her right to a jury trial as to any claim, as against any Releasee, which is not subject to this Release.*

*Id.* at 16 ¶ 5 (emphasis added).    Then, the Agreement states:

> EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO *WAIVE, SETTLE AND RELEASE ALL PAST, PRESENT, AND FUTURE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES*.   ADDITIONALLY, RELEASEES FREELY AND KNOWINGLY ENTER INTO THIS AGREEMENT

> INTENDING TO WAIVE, SETTLE AND RELEASE ALL PAST, PRESENT, AND FUTURE CLAIMS RELEASEES MAY HAVE AGAINST EMPLOYEE DERIVING FROM HER EMPLOYMENT.

*Id.* at 18 ¶ 14 (emphasis added). Based on these provisions, it is unclear whether the release of claims is intended to extend beyond the FLSA claims asserted in the complaint, and the extent to which Plaintiff is releasing claims against non-parties to the Agreement.

"[A] release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015). As set forth above, the extent of the release is unclear based on the inconsistent language set forth in the Agreement—in portions the Agreement states that it is limited to claims under the FLSA and in others it extends to any and all claims, known and unknown, asserted or unasserted—and the parties do not address the release provisions in their joint motion.[1] Moreover, given the inconsistent definitions of "Releasees," the undersigned questions the propriety of

---

[1] There is no indication that Plaintiff is receiving separate consideration for any provision that is intended to expand the scope of the release beyond the FLSA claims in the complaint. *Cf. Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (noting that general releases may be permissible if a plaintiff "is given compensation in addition to that which she is entitled under the FLSA").

the release provisions. *Cf. Lina Arguelles et al. v. Noor Baig, Inc.*, No. 6:16-cv-2024-37TBS, Doc. No. 19 (M.D. Fla. Feb. 24, 2017) ("[A] general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party."). And even if the release were intended to include only Plaintiff's FLSA claims asserted in the complaint, the parties do not explain the propriety of Plaintiff's further waiver of her right to participate in any collective or certified class action in which any Releasee in the Agreement is a party. *See* Doc. No. 26, at 16 ¶ 5. Undoubtedly, this provision extends beyond the FLSA wage claims asserted in the complaint. *See id.* The release also contains a waiver of jury trial provision, and the parties do not explain the propriety of including this provision in the Agreement. *See id. Cf. Rugeles v. Riker's Roadside Servs., LLC*, No. 6:18-cv-2218-Orl-22GJK, 2019 WL 5196909, at *4 (M.D. Fla. Mar. 28, 2019), *report and recommendation adopted*, 2019 WL 5188277 (M.D. Fla. Apr. 2, 2019) (striking jury trial waiver provision in an FLSA settlement agreement).

Although the Agreement contains a severability provision, it explicitly does not apply to the language of the Release. *See* Doc. No. 36, at 17 ¶ 8 ("Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void,

leaving the remainder of this Agreement in full force and effect."). Accordingly, absent authority supporting the release provisions in the Agreement as written, the undersigned is unable to recommend approval of the Agreement given the release language set forth therein.

Second, the Agreement contemplates that it may be modified in writing by the parties. *See* Doc. No. 36, at 17 ¶ 10 ("This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement."). The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement.

Third, in the joint motion, the parties request that the Court retain jurisdiction to enforce the Agreement, but they provide no argument or legal authority in support. *See* Doc. No. 36, at 11. Courts in this District, however, routinely deny requests to retain jurisdiction over an FLSA settlement agreement. *See Eiland v. U.S. Walls, LLC*, No. 6:13-cv-1237-Orl-40GJK, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015) (and cases cited therein). Accordingly, a renewed motion must address the propriety of this request.

Accordingly, for the reasons discussed herein, the Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice (Doc. No. 36) is **DENIED**

**without prejudice**.   A renewed motion, which shall be filed on or before **February 17, 2023**, must address the issues outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties